JOHN WILLIAMS *versus* NYMPHAS TURNER & *al.*

By St. 1835, c. 195, § 10, two justices of the peace and of the quorum have
authority to examine the notification to the creditor, and to administer the
oath to the debtor.

A certificate by two justices of the peace, quorum unus, that the debtor has
taken the poor debtor's oath, &c. is a nullity — they not having jurisdiction.

THIS was an action of debt on a bond, dated May 18, 1838,
given by the defendant as principal, in conformity to an "act
supplementary to an act for the relief of poor debtors," passed
April 2, 1836, and was submitted to the Court upon the follow-
ing statement of facts:—

The defendants introduced the certificate of two justices of
the peace and quorum unus, in the usual form, and duly filed
in the gaoler's office, by which it appeared that due notice had
been given the creditor, and that the oath had been adminis-
tered to the principal debtor.

*J. A. & H. V. Poor,* for the plaintiff.

*S. H. Blake,* for the defendants.

The opinion of the Court was delivered by

WESTON C. J.— By referring to the Statute conferring on
two justices the power to examine the notification to the cred-
itor, and to administer to the debtor the oath therein prescrib-
ed, it will be found to have been given to two justices of the
peace and of the quorum. Statute of 1835, c. 195, § 10.
Both are required to be of the quorum. Had the language
been, two justices *quorum unus,* which occurs in another sec-
tion of the same Statute, it would have been sufficient that
one of them should have been of the quorum. *Gilbert* v.
*Sweetser,* 4 Greenl. 483.

Only one of the justices, who officiated on this occa-
sion, was of the quorum. This is a fatal objection. They
had no jurisdiction either to examine the notification, or to
administer the oath. The defence therefore is not sustained.

*Judgment for the plaintiff.*